**J. L., by his Mother N.L.,**
**Plaintiff–Appellee,**

v.

**DOWNEY UNIFIED SCHOOL DISTRICT, Defendant–Appellant.**

**No. 12–57053.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2014.*

Filed July 15, 2014.

Jennifer Guze Campbell, Vanessa Jean Jarvis, Special Education Law Firm, APC, Lakewood, CA, for Plaintiff–Appellee.

John W. Allen, Gary Robert Gibeaut, Esquire, Nancy Ann Mahan–Lamb, Esquire, Julie Ann Mullane, Esquire, Gibeaut, Mahan & Briscoe, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

ORDER **

Downey Unified School District (School District) appeals from a district court order remanding to the California Office of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Administrative Hearings for further factual findings and legal conclusions. Because the School District appeals from a nonfinal order to which none of the exceptions to the final judgment rule apply, we lack jurisdiction. Accordingly, we dismiss this appeal.

Ordinarily, a district court order remanding to a state agency for further factual determinations is not a final decision for purposes of appellate jurisdiction. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 152 F.3d 1159, 1161 (9th Cir.1998) (noting that a remand order is treated as a final order only in "unusual circumstances"). The parties assert that appellate jurisdiction is proper under the practical finality doctrine of *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Under that doctrine *all* of the following factors must be satisfied: (1) the order being appealed is a "marginally final" order (2) that "disposed of an unsettled issue of national significance"; (3) review will implement the same policy Congress sought to promote in § 1292(b); (4) the finality issue was presented to the appellate court before the court and parties analyzed the merits; and (5) the exercise of jurisdiction does not extend *Gillespie* "beyond the unique facts of that case." *C.I.R. v. JT USA, LP,* 630 F.3d 1167, 1171 (9th Cir. 2011). The facts presented in this case do not fall within the narrow purview of *Gillespie.*

**APPEAL DISMISSED.** The Panel retains this case for consideration of any future appeals.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.